Matter of Evans (2022 NY Slip Op 06624)

Matter of Evans

2022 NY Slip Op 06624

Decided on November 18, 2022

Appellate Division, Fourth Department

Per Curiam

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ. (Filed Oct. 7, 2022.) 

&em;

[*1]MATTER OF PATRICK L. EVANS, AN ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, PETITIONER.

OPINION AND ORDER
Order of suspension entered.
Per Curiam
Opinion: Respondent was admitted to the practice of law by this Court on March 7, 1975, and he formerly maintained an office in Watertown. In April 2022, the Grievance Committee filed a petition alleging that respondent has engaged in certain acts of professional misconduct, including failing to supervise adequately the work of a nonlawyer, violating various trust account rules by failing to make and keep required records, and failing to comply with attorney registration requirements. Respondent was served with the petition in March 2022, and he failed to file an answer within 20 days as required under the rules of this Court (see 22 NYCRR 1020.8 [b]). In June 2022, the Grievance Committee moved for an order, pursuant to 22 NYCRR 1240.8 (a) (6), finding respondent in default and deeming admitted the allegations of the petition based on his failure to file an answer. Respondent was served with the motion for default in June 2022, and he failed to file papers in response thereto. However, respondent appeared before the Court on the return date of the motion, at which time he stated that he admits the allegations in the petition and accepts whatever sanction the Court may impose for the misconduct set forth therein. Consequently, we grant the motion of the Grievance Committee, find respondent in default, and deem admitted the allegations of the petition.
Respondent admits that, in August 2015, he closed his law office at a time when his attorney trust account contained funds in the amount of $131,306.70, which belonged to an estate. Respondent admits that, after closing his law office, he gave his administrative assistant full control over his attorney trust account and the funds held therein. He also made arrangements for all legal mail, including bank statements for his attorney trust account and any correspondence regarding the estate, to be forwarded to the home address of his administrative assistant. Respondent further admits that, after August 2015, he did not review financial records relating to his trust account or contact Surrogate's Court regarding the estate.
In late 2019, respondent's administrative assistant was indicted on grand larceny and other charges for her alleged theft of the funds held in respondent's trust account. In addition, the Office of the Attorney General commenced an investigation on behalf of certain charitable beneficiaries of the estate regarding the disposition of the funds. Respondent admits that his administrative assistant subsequently pleaded guilty to grand larceny in the third degree and that, in July 2020, Surrogate's Court entered an order directing respondent to make a partial distribution to certain beneficiaries of the estate in the amount of $83,396.41. Surrogate's Court also authorized a deficiency judgment in the amount of $47,925.29 against respondent and in favor of the beneficiaries.
In November 2020, respondent's administrative assistant was sentenced to probation on the grand larceny charge and directed to make restitution to respondent in the amount of $102,998.46. Respondent admits that, at the time of sentencing, his administrative assistant paid to respondent funds in the amount of $23,854.25 and, from December 2020 through December 2021, she made additional payments to respondent totaling $18,005.26. Respondent admits, however, that he did not satisfy the deficiency judgment until January 2022. Finally, respondent admits that he failed to comply with attorney registration requirements for three consecutive biennial registration periods: 2016-2017, 2018-2019, and 2020-2021.
Based on respondent's admission of the allegations set forth in the petition, we find him guilty of professional misconduct and conclude that he has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.1 (c) (2)—intentionally prejudicing or damaging a client during the course of a representation;
rule 1.3 (a)—failing to act with reasonable diligence and promptness in representing a client;
rule 1.15 (a)—misappropriating funds belonging to another person that were received incident to his practice of law;
rule 1.15 (c) (3)—failing to maintain complete records of all funds of a client or third person coming into his possession and failing to render appropriate accounts to the client or third person regarding the funds;
rule 1.15 (c) (4)—failing to deliver to a client or third person in a prompt manner, as requested by the client or third person, funds in his possession that the client or third person is entitled to receive;
rule 5.3 (a) — failing to supervise adequately the work of a nonlawyer who works for the lawyer;
rule 8.4 (d)—engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h)—engaging in conduct that adversely reflects on his fitness as a lawyer.
We additionally conclude that respondent has violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to comply with attorney registration requirements.
We note that our conclusion that respondent violated rule 1.15 (a) is based on his administrative assistant's misappropriation or theft of funds from respondent's trust account. Although there is no allegation in this proceeding that respondent was personally involved in or benefitted from the misappropriation or theft, the Rules of Professional Conduct provide that, under certain circumstances, a lawyer with supervisory authority over a nonlawyer shall be responsible for misconduct of the nonlawyer (Rules of Professional Conduct [22 NYCRR 1200.0] rule 5.3 [b] [2] [ii]). In this case, we conclude that the consequences of the administrative assistant's misconduct could have been avoided or mitigated had respondent exercised reasonable supervisory authority over the administration of his trust account and funds held therein (see id.; see also Matter of Galasso, 19 NY3d 688, 694-695 [2012]).
In determining an appropriate sanction, we have considered in mitigation that respondent has no prior disciplinary history after approximately 40 years in the practice of law and that he eventually satisfied his obligation to make whole the beneficiaries of the aforementioned estate. We have also considered in aggravation, however, that respondent engaged in a lengthy course of knowing or intentional misconduct that resulted in harm to others due to a complete disregard of his obligations to safeguard trust account funds and to supervise a nonlawyer who was given direct access to such funds. Accordingly, we conclude that respondent should be suspended from the practice of law for a period of three years and until further order of the Court.